*IN RE* FREEMAN'S WILL

FREEMAN v. ROBERTS *ET AL.*

(126 S. E., 764)

1. WILLS—CONTESTANTS OF WILL AND CODICIL COULD WITHDRAW ATTACK ON WILL.—Contestants of will and codicil could withdraw attack on will and have case submitted merely on issue of validity of codicil.

2. WILLS—UNDUE INFLUENCE HELD QUESTION FOR JURY.—In grandchildren's contest of grandmother's will leaving bulk of estate to living child, question of undue influence *held* for jury.

3. WILLS—MENTAL INCAPACITY OF AGED TESTATRIX HELD FOR JURY.—In contest of codicil made by 85 year old testatrix suffering from Bright's disease and hardening of the blood vessels, evidence *held* sufficient to warrant submission of question of mental incapacity to jury.

4. WILLS—CHARGES AS TO MENTAL CAPACITY HELD ERRONEOUS.—In contest of will on ground of mental incapacity, charges authorizing jury to consider on question of mental capacity, the extent to which testatrix exercised discretion in disposing of her property, amount of the estate and nature of disposition, and the persons to whom property would go if she had died intestate, and charging jury that soundness of mind "varies according to the extent or value of the property and the character of disposition" *held* erroneous.

5. WILLS—PROBATE JUDGE'S DECREE NOT PROPER PART OF CASE ON APPEAL FROM CIRCUIT COURT'S JUDGMENT IN WILL CONTEST.—On appeal from judgment of Circuit Court in will contest on appeal from Probate Court, the Probate Judge's decree *held* not proper part of case.

Before TOWNSEND, J., Richland, Summer Term, 1923. Reversed and new trial granted.

In the matter of the will of Susan Ann Freeman. Proceeding by Rufus Freeman, executor, for formal probate of will and codicil, contested by Edmunds Roberts and others, by guardian *ad litem,* Nordie Roberts. Judgment for contestants and executor appeals.

The executor and principal beneficiary under the codicil is the youngest son of testatrix and the contestants are children of deceased sons. Under the original will a considerable portion of the property would have passed to all three sons. There was evidence that such youngest son brought the original will to a lawyer for advice as to the legal effect thereof, and subsequently caused the lawyer to prepare the codicil for the testatrix, and that such son also called witnesses to attest the codicil. There was also testimony that he always accompanied testatrix when she transacted business at the bank, and that from time to time he obtained sums of money from her by appealing to her sympathy by weeping.

The testatrix, at the time of the execution of the codicil, was 85 years old, and for 10 years had suffered from Bright's disease and for some time prior to her death from hardening of the arteries, and for 2 or 3 years prior to her death had begun to lose her memory. A physician who was a specialist in nervous and mental diseases testified that Bright's disease and hardening of the blood vessels in a person of such age caused mental enfeeblement and deterioration of mind. A number of witnesses who had lived with and had known testatrix well for many years testified that she had hallucinations; that she imagined that people were trying to kill her; that others were trying to get her money;

that at times she did not know her relatives and friends; and most of the time talked disconnectedly.

The Court's charge authorized the jury to consider on the question of mental capacity the extent to which the testatrix exercised her discretion in disposing of her property, the amount of the estate and the nature of the disposition, the persons to whom property would go if she had died intestate, and charging jury that soundness of mind "varies according to the extent or value of the property and the character of disposition."

*Messrs. H. N. Edmunds, R..B. Herbert* and *S. M. Busby,* for appellant, cite: *Sanity when will executed governs:* 4 McCord, 183; 71 S. C., 331; 12 Rich., 32; 101 S. C., 287; 86 S. C., 470; 107 S. E., 492; 125 S. C., 165; 64 S. C., 256. *Undue influence:* 2 Brev., 403; 2 Speers, 260; 1 Rich., 80; 3 Strob., 44; 3 Strob., 552; 5 Strob., 167; 64 S. C., 256; 90 S. C., 196. *Test of sanity to make valid will:* 125 S.C., 175; 50 S. C., 105; 7 Rich., 479; 17 S. C. L., 96.

*Messrs. John W. Crews, R. E. Carwile* and *A. F. Spigner,* for respondents, cite: *Appeal from Probate Court:* 67 S. C., 55; 16 S. C., 567; 8 Rich. L., 90. *Evidence of sanity before and after execution of will:* 106 S. C., 80; Page on Wills, Sec. 394. *Evidence of fraud and undue influence:* 28 R. C. L., 142; 107 S. C., 57; 118 S. E., 312; Dudley Law, 75; 63 S. E., 562; 106 S. C., 83; 107 S. C., 75; Rice 280; 86 S. C., 477; 82 S. C., 42; Page on Wills, Sec. 334. *Review of findings of fact:* 85 S. E., 1061; 101 S. C., 430; 86 S. E., 680; 102 S. C., 333; 85 S. E., 237; 101 S. C., 140. *Sufficiency of evidence:* 107 S. C., 461; 93 S. E., 142; 109 S. C., 300; 96 S. E., 124; 103 S. C., 117; 87 S. E., 639; 81 S. C. 828; 62 S. E., 315. *Weight of evidence:* 104 S. C., 486; 88 S. E., 102; 112 S. C., 91; 74 S. C., 230; 92 S. C., 125; 75 S. E., 369; 114 S. C., 349; 103 S. E., 590; 94 S. C., 311; 77 S. E., 1016; 100 S. C., 38; 84 S. E., 308; 114 S. C., 280; 103 S. E., 562. *Discretion:* Rice, 277. *Harmless error:* 88 S. C., 91; 86 S. C., 248. *Effect of error as to one*

*issue:* 29 S. W., 799; 101 S. C., 287; 148 N. W., 117; Page on Wills, Secs. 333 and 334; 31 App. Cas. (D. C.), 355; 40 Cyc. Note, page 1341; 48 N. E., 356; 28 R. C. L., 407; 1 Schouler on Wills, Sec. 251a.

February 28, 1925.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

"This was an action brought by the appellant, as executor of the last will and testament of his mother, the late Susan Ann Freeman, against the above-named contestants. The action originated in the Probate Court for Richland County, S. C., and was instituted pursuant to a notice served upon the appellant by Hon. G. Duncan Bellinger, Judge of Probate, a petition having been filed to have the will so proved by Nordie Roberts, as guardian *ad litem* for the contestants above named, alleging the invalidity of the will and codicil.

"In addition to the parties to this appeal, Thomas Freeman, the husband of the deceased, was a party to the action as instituted in the Probate Court.

"The contestants are the minor children of Edmund Roberts, one of the devisees and legatees, under the original will of the said Susan Ann Freeman. The said Edmund Roberts had predeceased the said Susan Ann Freeman, and subsequent to his death the testatrix executed an alleged codicil to her original will, under the terms of which each of the above-named contestants was left the sum of $1,000— that is to say $3,000 to the three children.

"In addition to her husband, Susan Ann Freeman had three children, the above-named Edmund Roberts, and two sons, born to her after her marriage to her husband, Thomas Freeman. These two sons were Rufus Freeman, the executor-appellant, and a son named Marvin Freeman, who predeceased his mother; it having been previously stated herein that Edmund Roberts likewise predeceased the testatrix.

"The testatrix died on the 16th day of July, 1921, leaving of force her last will and testament, dated 19th February,

1919, to which was attached a codicil, dated the 6th day of June, 1921. The will and codicil were filed in the office of the Judge of Probate for Richland County, and both instruments were proved in common form of law by three attesting witnesses, and thereafter the said will and testament and codicil thereto were offered for proof in solemn form of law, pursuant to the notice served upon the executor by the Judge of Probate as hereinabove set forth.

"The petition of the executor was in the usual form. It set forth the decease of the testatrix and the fact that she had left the said will and the said codicil, and that the contestants herein, along with the said Thomas·Freeman, were parties who had some interest in the estate under the will and codicil and under the statute of distribution.

"The defendants other than Thomas Freeman, answering through their guardian *ad litem,* denied, among other things, 'that the alleged will and codicil thereto of the said Susan Ann Freeman referred to in the petition was the last will and codicil of the said Susan Ann Freeman, deceased,' and alleged 'that the said will and codicil referred to in the petition was procured by the use of undue influence upon the said Susan Ann Freman, deceased, by the said R. M. Freeman, who bears the relationship to the said Susan Ann Freeman, deceased, of son,' and further alleged 'that the said Susan Ann Freeman was mentally incapable of making a will and codicil and could not understand the meaning and effect thereof.' "

The Probate Court sustained the will and codicil, an appeal was had to the Circuit Court, and the case was heard by Judge Townsend and a jury.

Judge Townsend framed and submitted to the jury certain issues as to the codicil, the attack as to the will being withdrawn. At the close of the testimony, appellants made a motion for a directed verdict in their favor both as to the mental incapacity of the testatrix and as to undue influence, which motion was refused by his Honor and the case sub-

mitted to the jury on issues submitted by his Honor. The jury found against the codicil; a motion for a new trial was made by the appellants and refused.

The exceptions, 21 in number, challenge the correctness of his Honor's ruling throughout the case, and will not be considered *seriatim.*

1. The respondents had the right to withdraw their attack on the will.

2, 3. There was some evidence to submit to the jury as to undue influence and mental incapacity, and his Honor was not in error in refusing to direct a verdict as asked for by the appellants.

4. But he fell into the same error in charging the jury as Judge McIver did in *Matheson v. Matheson,* 125 S. C., 175; 118 S. E., 312, and the exceptions alleging error in these particulars must be sustained for the reasons given in *Matheson v. Matheson, supra,* and a new trial given.

5. Appellants' exceptions to the order of Judge Townsend settling the case for appeal is sustained. The Probate Judge's decree should not have been in the case as the trial in the Circuit Court was *de novo.*

Reversed, and a new trial granted.

MESSRS. JUSTICES FRASER and MARION and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE T. P. COTHRAN did not participate.